USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/23/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MATTHIESEN LIMITED,

                Plaintiff,

        - against -

THOMAS AUSTIN DOYLE, SHALVA
SARUKHANISHVILI, SHALVA SARUKHANISHVILI
FINE ART, INC., JILL NEWHOUSE LLC, and
JON LANDAU,

                Defendants.

---

JILL NEWHOUSE LLC,

                Crossclaim Plaintiff,

        - against -

SHALVA SARUKHANISHVILI FINE ART, INC.,

                Crossclaim Defendant.

---

SHALVA SARUKHANISHVILI FINE ART, INC.,

                Crossclaim Plaintiff,

        - against -

THOMAS AUSTIN DOYLE,

                Crossclaim Defendant.

**25-cv-07975 (VM)**

**ORDER**

**VICTOR MARRERO, United States District Judge.**

On September 25, 2025, plaintiff Matthiesen Limited ("Plaintiff") filed this action against Thomas Austin Doyle ("Doyle") and other defendants alleging that Doyle had defrauded him in connection with the sale of a painting. (See Dkt. No. 1.) On April 22, 2026, the Government filed a motion

requesting that the Court: (1) permit the Government to intervene in this matter for the limited purpose of seeking a stay in this case in light of the criminal charges against Doyle in United States v. Doyle, 25 Cr. 525 ("the Criminal Case"); and (2) grant an interim stay of depositions for approximately 45 days. (See Dkt. No. 55.) Counsel for plaintiff and defendants consent to the Government's requests. (See id. at 1.) For the following reasons, the Government's motion to intervene and stay deposition deadlines is **GRANTED**.

## I.    BACKGROUND

On September 25, 2025, Plaintiff filed a civil complaint in this matter against Doyle and other defendants involved in the sale of the painting *Mother and Child on a Hammock* ("*the Hammock*") by Gustave Courbet. (See the "Complaint," Dkt. No. 1.) The Complaint asserted that Doyle had defrauded Plaintiff in connection with the sale of *the Hammock* and sought a return of the painting. (See id.) On December 5, 2025, Plaintiff filed a First Amended Complaint. (See Dkt. No. 24.) On February 12, 2026, the Court entered a Civil Case Management Plan and Scheduling Order, with depositions to be completed by May 22, 2026, all fact discovery due by June 10, 2026, and expert discovery finished by October 12, 2026. (See Dkt. No. 47.)

In the Criminal Case, on November 10, 2025, a federal grand jury in this District returned a sealed indictment (the "Indictment") charging Doyle with one count of wire fraud, in connection with Doyle's scheme to defraud the owner of the painting *the Hammock*. (See Criminal Case, Dkt. No. 1.) On November 13, 2025, the indictment was unsealed, Doyle was arrested in the District of Connecticut, and he was presented in this District. (See id., Dkt. No. 8.) The Indictment alleges that from at least in or about December 2022 and March 2025, Doyle engaged in a scheme to defraud Matthiesen Limited, the owner of *the Hammock*, identified as Victim-1 in the Indictment. (See id., Dkt. No. 1.)

## II.  DISCUSSION

The Government first requests that the Court permit it to intervene in this matter for the limited purpose of seeking a stay. "To intervene in an action, an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." Hoechstetter v. Columbia Univ., No. 19 Civ. 2978, 2022 WL 2063766, at *1 (S.D.N.Y. June 8, 2022) (quotation marks omitted). All of the above factors have been met here. First, there is no indication that any party is prejudiced by the

3

timing of the Government's motion. The Government has also satisfied the remaining factors because it has demonstrated an interest in "maintaining the integrity of its criminal action" against Doyle, that this interest might be impaired if depositions are allowed to move forward in this civil matter given the significant overlap with the Criminal Case, and that the other parties are not in a position to adequately protect this interest. Id. Accordingly, the Court will grant the Government's motion for intervention.

The Government next requests that the Court grant an interim stay of all depositions for 45 days, without prejudice to a future application for a longer stay of depositions. "In determining whether a civil action should be stayed in the face of a parallel criminal proceeding, courts in this District have generally been guided by six factors: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to the plaintiff caused by the delay; (4) the private interests of and burden on the defendant; (5) the interests of the court(s); and (6) the public interest." Doe v. Indyke, No. 20 Civ. 484, 2020 WL 5518384, at *3 (S.D.N.Y. Sept. 14, 2020).

4

Applying the above factors here, a stay is warranted. First, there is significant overlap between this matter and the Criminal Case, as both cases involve allegations that Doyle engaged in a fraudulent sale of *the Hammock*. Second, the status of the criminal case strongly weighs in favor of a stay because Doyle has already been indicted. See Maldonado v. City of New York, No. 17 Civ. 6618, 2018 WL 2561026, at *2 ("Whether the defendant has been indicted has been described as 'the most important factor' to be considered in the balance of factors."). Third and fourth, the interests of the plaintiff and defendants weigh in favor of a stay because counsel for the plaintiff and defendants consent to the Government's stay request. (See Dkt. No. 55 at 1.) Fifth, the interests of the Court weigh in favor of the stay because the resolution of the Criminal Case may result in a more efficient resolution of this matter given the significant factual overlap between both cases. Sixth, the public interest in the enforcement of criminal law supports granting the stay. See generally In re Ivan F. Boesky Sec. Litig., 128 F.R.D. 47, 49 (S.D.N.Y. 1989) ("the public interest in the criminal case is entitled to precedence over the civil litigant"). Accordingly, the Court will grant the Government's request for an interim stay of all depositions for approximately 45

days, without prejudice to a future application for a longer stay of depositions.

### III. ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the Government's Motion (Dkt. No. 55) for intervention in this matter for the limited purpose of seeking a stay is **GRANTED** and the Government's request for an interim stay of all depositions through June 7, 2026, is **GRANTED.**

**SO ORDERED.**

Dated:    23 April 2026
          New York, New York

                                        _____
                                        Victor Marrero
                                        U.S.D.J.